UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CFS 12 FUNDING LLC and AC MANAGER
LLC,

                          Petitioners,                          21-cv-9711 (PKC)

        -against-                                 OPINION AND ORDER

JEREMY L. WIESEN,

                          Respondent.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

          Upon learning of the death of respondent Jeremy L. Wiesen, Petitioners move to substitute his adult son, Gavin Wiesen, as the respondent.  Rule 25(a)(1), Fed. R. Civ. P. Because Petitioners have not demonstrated that Gavin Wiesen is a "proper party" under Rule 25(a)(1), the motion will be denied without prejudice.

          This is a proceeding to confirm an arbitration award that dismissed the claims of Respondent and awarded Petitioners $76,6401.31 in attorneys' fees.  A motion to confirm has been fully briefed and is sub judice.  In an Order of October 3, 2022, the Court directed counsel for Petitioners to investigate the circumstances of what appeared to be an online obituary for Respondent, who was proceeding pro se.  (Docket # 35.)  In a letter filed on October 17, 2022, Petitioners confirmed that Respondent had died on July 24, 2022.  (Docket # 36.)

          Petitioners then filed a Rule 25(a) motion to substitute Respondent's adult son, Gavin Wiesen, as the respondent in this action.  (Docket # 37.)  In a declaration, Petitioners' counsel recounts his conversation with the Respondent's former attorney, Robert L. Lewis, who is also said to have had a "long standing personal friendship" with Respondent.  (Docket # 39.)

Mr. Lewis is reported to have told counsel that Respondent was unmarried at the time of his

death and that Gavin Wiesen is the adult son of Respondent.  (Fleischer Dec. ¶ 6.)

Petitioners engaged a Florida-based law firm to conduct a search as to whether

any estate or probate-administration proceedings had been commenced in Florida, where

Respondent is said to have been a citizen in the years preceding his death.  (Fleischer Dec. ¶ 8.)

No such proceeding was identified, nor was any such proceeding identified in New York, where

Respondent previously resided.  (Fleischer Dec. ¶¶ 8-9 & Exs. A, B.)  Counsel further states:

"Undersigned has not, to date, been able to determine whether Respondent died with a will or

intestate and whether there is an executor/executrix or other estate fiduciary for Respondent's

estate." (Fleischer Dec. ¶ 10.)

As directed by the Court, Petitioners served their motion for substitution upon

Gavin Wiesen.  (Docket # 41.)  Gavin Wiesen responded to the motion in a letter faxed to

Chambers on November 29, 2022, which the Court subsequently docketed.  (Docket # 42.)  The

body of that letter states in full:

> I have received motion papers requesting that I be substituted for my
> late father, Jeremy Wiesen in the above entitled proceeding and your
> memo endorsement.  Unfortunately, my father has no tangible estate
> and I do not wish to participate in these proceedings.  There is
> nothing to transfer and consequently no probate will be filed.

(Id.)

Rule 25(a)(1) states in part: "If a party dies and the claim is not extinguished, the

court may order substitution of the proper party.  A motion for substitution may be made by any

party or by the decedent's successor or representative."  "To satisfy Rule 25(a)(1), (1) the motion

must be timely; (2) the claims must survive the decedent's death, and (3) the party sought to be

substituted for the decedent must be a proper party."  Biatiu v. Specialized Loan Servicing LLC,

2019 WL 5448702, at *1 (S.D.N.Y. Oct. 24, 2019) (Abrams, J.) (quotation marks omitted).

Then-District Judge Chin has observed:

> Courts have discretion to allow substitution under Rule 25(a)(1). The Second Circuit has held that "[a] motion to substitute made within the prescribed time will ordinarily be granted, but under the permissive language of [Rule 25(a)(1) ] . . . it may be denied by the court in the exercise of a sound discretion if . . . circumstances have arisen rendering it unfair to allow substitution."

U.S. ex rel. Colucci v. Beth Israel Med. Ctr., 603 F. Supp. 2d 677, 684 (S.D.N.Y. 2009) (quoting

Saylor v. Bastedo, 623 F.2d 230, 236 (2d Cir. 1980)).

"The phrase 'proper party' is undefined; its meaning derives entirely from case

law." Bruccoleri v. Gangemi, 2019 WL 8405573, at *1 (E.D.N.Y. Mar. 15, 2019) (Glasser, J.).

"Cases interpreting Rule 25(a)(1) have established that a person may qualify as a decedent's

legal successor under Rule 25(a)(1) if she is: (1) the primary beneficiary of an already distributed

estate; (2) named in a will as the executor of the decedent's estate, even if the will is not

probated, or (3) the primary beneficiary of an unprobated intestate estate which need not be

probated." Tankleff v. Cnty. of Suffolk, 2016 WL 3162059, at *2 (E.D.N.Y. June 2, 2016)

(Seybert, J.) (quotation marks omitted).  "Although a state court determination can be helpful in

identifying a decedent's successor or representative, no such designation is required before a

federal court can determine the proper party for substitution."  U.S. Bank Nat'l Ass'n as Tr. for

RMAC Tr., Series 2016-CTT v. Sager, 2022 WL 4392668, at *3 (E.D.N.Y. Sept. 23, 2022)

(Brown, J.).

There are important, unresolved questions relating to Respondent's estate and

whether Gavin Wiesen is the proper party to substitute for his deceased father.  Petitioner's

counsel candidly acknowledges that he was unable "to determine whether Respondent died with

a will or intestate and whether there is an executor/executrix or other estate fiduciary for

Respondent's estate."  (Fleischer Dec. ¶ 10.)  Many factual representations made in counsel's

declaration repeat, without further verification, assertions made in conversation by Respondent's

personal friend and former attorney.  These include Respondent's marital status, his residency in

Florida and his claimed lack of real-estate holdings.  (Id. ¶¶ 6-7.)

Gavin Wiesen's unsworn letter to the Court confirms that he is Respondent's son,

but it does not shed light on Gavin's authority over the estate or any assets that the estate may or

may not contain.  Without elaboration, it asserts that Respondent had "no tangible estate" and

that there "is nothing to transfer . . . ."  (Docket # 42.)  The letter does not address whether

Respondent died intestate or whether a will was in effect.[1]  There is no indication that Gavin

Wiesen's letter was drafted with the input of legal counsel.  To the best of the Court's

knowledge, prior to being served with Petitioners' substitution motion, Gavin Wiesen was a

stranger to this proceeding and the underlying arbitration.

The Court is mindful that Rule 25(a)(1) is intended to promote flexibility in the

event that substitution is required after a party's death.  Several courts have concluded that, on a

sufficient record, a decedent's heir or heirs may properly be substituted, even if they have not

been legally designated as an estate representative.  See Tankleff, 2016 WL 3162059, at *2

(substituting decedent's "only distributees" as party defendants for intestate defendant where no

formal proceedings were brought to establish an estate); Hardy v. Kaszycki & Sons Contractors,

Inc., 842 F. Supp. 713, 716 n.3 (S.D.N.Y. 1993) ("To require the plaintiffs to petition the

Surrogate's Court to appoint a representative, and thereafter renew their motion to substitute, is

precisely the type of rigidity that contravenes the purposes of amended Rule 25(a)(1).") (Leisure,

J.); McSurely v. McClellan, 753 F.2d 88, 98 (D.C. Cir. 1985) ("compelling a plaintiff to institute

---

[1] Florida law provides that if a decedent is intestate and there is no surviving spouse, the intestate estate descends to the descendants of the decedent.  Fl. St. §§ 732.101, 732.103.

machinery in order to produce some representative of the estate ad litem would contravene the purpose of amended Rule 25(a)(1) to dispel unwarranted rigidity and allow more flexibility in substitution.") (quotation marks and alteration omitted); cf. Unicorn Tales, Inc. v. Banerjee, 138 F.3d 467, 470 (2d Cir. 1998) ("Under Unicorn's proposed interpretation of Rule 25(a)(1), the estate must be probated and a representative selected before the statement of the fact of death can be filed.  There is simply nothing in the rule or the advisory committee notes to suggest that Congress intended Rule 25(a)(1) to be so inflexible.").

Courts nevertheless require a persuasive factual showing as to why the substituting party is a proper party.  In Tankleff, Judge Seybert granted the plaintiff leave to take the depositions of the wife and son of a defendant who died intestate, without a formal estate or a proceeding in probate court.  Tankleff, 2016 WL 3162059, at *1.  The record was sufficient to demonstrate that the wife and son were the decedent's only distributees under South Carolina law, and that they were unaware of any other person who might have superior claims to the decedent's assets.  Id. at *2.  Further, the decedent had been sued for conduct in the performance of his duties as a Suffolk County police officer.  Id.  In a letter addressed to the court, Suffolk County agreed to indemnify the decedent's legal successors in the event that they were obligated to pay damages.  Id. at *2 & n.1.  Judge Seybert accordingly granted the plaintiff's unopposed Rule 25(a) motion to substitute the decedent's wife and son as defendants, with the caption designating them "as legal successors" to the decedent.  Id.[2]

There is no comparable record here.  Petitioners acknowledge that they are unaware of whether Respondent died with a will or whether he was intestate.  (Fleischer Dec. ¶

---

[2] In U.S. Bank, the Court granted plaintiff's motion to substitute defendants in a foreclosure action based on evidence that two of the decedent defendant's three children were living in the subject residence and had listed the property for sale.  2022 WL 4392668, at *3.  Among other things, plaintiff retained an investigator that interviewed the decedent's heirs and conducted an "exhaustive search" to identify the estate's distributees.  Id. at *4.

10.)  They have not demonstrated that Gavin Wiesen was the sole or primary distributee of Respondent's estate.  Many of Petitioners' factual assertions are derived from counsel's conversation with Respondent's former attorney and personal friend.

Petitioners' proposed substitution also risks significant prejudice to Gavin Wiesen if he is substituted in a personal capacity.  In their reply memorandum, Petitioners state: "To be clear, Petitioners do not look to hold [Gavin Wiesen] personally liable for any amount of the award.  Substitution is sought only for the purpose of facilitating continuation and completion of this confirmation proceeding."  (Docket # 44 at 3.)  Petitioners also state: "[I]f and the extent Respondent did leave assets that were distributed to any party, including [Gavin Wiesen], Petitioners reserve and do not waive their right to seek recovery on account of the arbitration award from such distributees to the extent of any value they received from Respondent's estate." (Id. at 3 n.3.)  But if Gavin Wiesen is named a respondent in a personal capacity, the Award is confirmed, and a judgment entered, that judgment becomes a lien in any jurisdiction (usually limited to county) where it is docketed or registered.  Petitioners have not explained how Gavin Wiesen would be shielded from personal liability as a judgment debtor, nor have they proposed any designation of his status in the caption, as occurs when a person appears solely in the capacity of a trustee.

Because Petitioners have not come forward with evidence demonstrating that Gavin Wiesen is a "proper party" to substitute for the deceased respondent, their Rule 25(a) motion will be denied.

As to the 90-day deadline to bring a motion for substitution set forth in Rule 25(a)(1), the Court is mindful that, as Petitioners note, the Court itself raised the matter of Respondent's death sua sponte.  (Docket # 35; 38 at 5 & n.2.)  In the event that Petitioners

- 6 -

require more time to identify a proper party for substitution, they are advised to consult Rules

25(a)(1) and 6(b), Fed. R. Civ. P.  See Kotler v. Jubert, 986 F.3d 147, 155-56 (2d Cir. 2021)

(Rule 6(b) permits a party to request an extension of the Rule 25(a)(1) deadline).

CONCLUSION.

        Petitioners' motion for substitution is denied without prejudice.  The Clerk is

respectfully directed to terminate the motion.  (Docket # 37.)

        SO ORDERED.

P. Kevin Castel<br>
United States District Judge

Dated: New York, New York
      December 12, 2022

COPY MAILED TO:

Gavin Wiesen
254 E. 68th St.
New York, NY  10065