UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CFS 12 FUNDING LLC and AC MANAGER LLC,

                              Petitioners,                    21-cv-9711 (PKC)

       -against-                                             ORDER

JEREMY L. WIESEN,

                              Respondent.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Jeremy L. Wiesen, who is the respondent in this proceeding to confirm an arbitration award, died on or about July 24, 2022. (See, e.g., ECF 35.) Petitioners move pursuant to Rule 25(a)(1), Fed. R. Civ. P., to substitute Gavin Wiesen, the son of Jeremy Wiesen, as the respondent, in his capacity as the personal representative of Jeremy Wiesen's estate. (ECF 49.)

        The Court denied without prejudice a previous Rule 25(a)(1) motion brought by petitioners, explaining that the motion was largely premised on counsel's summary of conversations with the respondent's friend, that petitioners did not know whether the respondent died with a will or whether he was intestate, and that petitioners did not demonstrate that Gavin Wiesen was a sole or primary beneficiary of the respondent's estate. CFS 12 Funding LLC v. Wiesen, 2022 WL 17581703, at *3 (S.D.N.Y. Dec. 12, 2022).

        In support of their current motion, petitioners have now submitted a copy of the Last Will and Testament of Jeremy Wiesen (the "Will"), which designates Gavin as the "personal representative" of the estate. (ECF 51-3.) Based on the Will and the deposition

testimony of Gavin Wiesen given in connection with this application, petitioners have now demonstrated that Gavin Wiesen is a proper party to substitute for his deceased father. The motion will therefore be granted.

Rule 25(a)(1) states in part: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." Rule 25(a)(1) is intended to provide an efficient and flexible means for substituting a party. See, e.g., Hardy v. Kaszycki & Sons Contractors, Inc., 842 F. Supp. 713, 716 n.3 (S.D.N.Y. 1993) ("To require the plaintiffs to petition the Surrogate's Court to appoint a representative, and thereafter renew their motion to substitute, is precisely the type of rigidity that contravenes the purposes of amended Rule 25(a)(1).") (Leisure, J.); McSurely v. McClellan, 753 F.2d 88, 98 (D.C. Cir. 1985) ("compelling a plaintiff to institute machinery in order to produce some representative of the estate ad litem would contravene the purpose of amended Rule 25(a)(1) to dispel unwarranted rigidity and allow more flexibility in substitution.") (quotation marks and alteration omitted); cf. Unicorn Tales, Inc. v. Banerjee, 138 F.3d 467, 470 (2d Cir. 1998) ("Under Unicorn's proposed interpretation of Rule 25(a)(1), the estate must be probated and a representative selected before the statement of the fact of death can be filed. There is simply nothing in the rule or the advisory committee notes to suggest that Congress intended Rule 25(a)(1) to be so inflexible.").

"To satisfy Rule 25(a)(1), (1) the motion must be timely; (2) the claims must survive the decedent's death, and (3) the party sought to be substituted for the decedent must be a proper party." Biatiu v. Specialized Loan Servicing LLC, 2019 WL 5448702, at *1 (S.D.N.Y. Oct. 24, 2019) (Abrams, J.) (quotation marks omitted). Then-District Judge Chin has observed:

> Courts have discretion to allow substitution under Rule 25(a)(1).
> The Second Circuit has held that "[a] motion to substitute made

> within the prescribed time will ordinarily be granted, but under the permissive language of [Rule 25(a)(1) ] . . . it may be denied by the court in the exercise of a sound discretion if . . . circumstances have arisen rendering it unfair to allow substitution."

U.S. ex rel. Colucci v. Beth Israel Medical Center, 603 F. Supp. 2d 677, 684 (S.D.N.Y. 2009) (quoting Saylor v. Bastedo, 623 F.2d 230, 236 (2d Cir. 1980)).

The motion is timely brought. Petitioners brought their initial motion within 90 days of being informed by the Court of respondent's apparent death, and the Court thereafter granted petitioners an extension of time to file a renewed motion for substitution. See, e.g., O'Rourke v. Ehsan Food Corp., 2020 WL 6894663, at *2 (S.D.N.Y. Nov. 24, 2020) (summarizing law on the timeliness of a Rule 25(a)(1) motion) (Liman, J.).

Petitioners' claim, which seeks to confirm an arbitration award, survives the respondent's death. Subject matter jurisdiction is premised on diversity of citizenship, the respondent was a citizen of Florida at the time of his death and the Will cites to Florida statute. Under Florida law, "[n]o cause of action dies with the person. All causes of action survive and may be . . . defended in the name of the person prescribed by law." Fla. Stat. § 46.021.

Finally, petitioners have come forward with evidence sufficient to demonstrate that Gavin Wiesen is a proper party to substitute for Jeremy Wiesen. "The phrase 'proper party' is undefined; its meaning derives entirely from case law." Bruccoleri v. Gangemi, 2019 WL 8405573, at *1 (E.D.N.Y. Mar. 15, 2019) (Glasser, J.). "Cases interpreting Rule 25(a)(1) have established that a person may qualify as a decedent's legal successor under Rule 25(a)(1) if she is: (1) the primary beneficiary of an already distributed estate; (2) named in a will as the executor of the decedent's estate, even if the will is not probated, or (3) the primary beneficiary of an unprobated intestate estate which need not be probated." Tankleff v. Cnty. of Suffolk, 2016 WL 3162059, at *2 (E.D.N.Y. June 2, 2016) (Seybert, J.) (quotation marks omitted). "Although a

state court determination can be helpful in identifying a decedent's successor or representative, no such designation is required before a federal court can determine the proper party for substitution." U.S. Bank N.A. as Trustee for RMAC Trust, Series 2016-CTT v. Sager, 2022 WL 4392668, at *3 (E.D.N.Y. Sept. 23, 2022) (Brown, J.).

Petitioners have filed the "Last Will and Testament of Jeremy Wiesen," which was signed by Jeremy Wiesen on September 18, 2013, in the presence of two witnesses and a notary public (the "Will"). (ECF 51-3.) The Will was produced by Gavin Wiesen in response to a request from petitioners. (Fleischer Dec. ¶ 8.) In a deposition taken under penalty of perjury, Gavin Wiesen testified that he understands the Will to be Jeremy Wiesen's last will and testament. (ECF 51-1 at 16.) Gavin testified that the Will is a true and correct copy of the Will as it was delivered to him by his father five to seven years ago, though he is unaware of where the original copy is located. (Id. at 10-12, 19.) Gavin testified that he had no reason to believe that his father had revoked the Will and that he is not aware of any codicil or modification to it. (Id. at 15-16.)

The Will appoints Gavin B. Wiesen as the Personal Representative of Jeremy Wiesen's estate. (ECF 51-3 at 3 ("I hereby nominate, constitute and appoint my son, GAVIN B. WIESEN, to be the personal Representative of my estate.").) Florida statute defines the term "personal representative" as "a fiduciary who shall observe the standards of care applicable to trustees" and has "a duty to settle and distribute the estate of the decedent in accordance with the terms of the decedent's will . . . ." Fla. Stat. § 733.602(1).

At his deposition, Gavin Wiesen testified that there has not been a probate proceeding for his father's will and estate and that he did not expect a probate proceeding to occur. (ECF 51-1 at 19-20.) He testified that his father died with "no assets" and "no estate to

speak of," and stated that he personally provided financial support to his father prior to his death. (Id. at 20.)  Gavin described himself as his father's "only child" and "the would-be heir to whatever was left to him."  (Id. at 27.)  He testified that his father's only marriage ended in divorce in 1979 or 1980 and that his father had no other children.  (Id. at 21-22.)

Gavin Wiesen has submitted a one-paragraph letter-brief in response to petitioners' motion.  (ECF 52.)  He states that he was unaware of the details of this proceeding prior to his father's death and that he does not wish to participate in further proceedings.  (Id.)  He states that there is no estate or estate asset of any kind, and that he does not know the whereabouts of the original, signed copy of his father's will.  (Id.)  His letter-brief is consistent with his deposition testimony, where he stated that he had no involvement in the case and questioned why it would proceed in light of his father's death.  (ECF 51-1 at 27-28.)  While the Court has some sympathy for Gavin's situation, he does not identify an unfairness that would arise from granting petitioners' motion.  See Colucci, 603 F. Supp. 2d at 684.

Based on the Will and the testimony of Gavin Wiesen, the Court concludes that Gavin is a proper party to substitute for his father.  The Will appoints Gavin as the personal representative of the estate and Gavin has described himself as the "would-be heir" of his father.  Although the estate apparently has not been probated, the executor or primary beneficiary of a non-probated estate may nevertheless be the proper party to substitute for a decedent.  Tankleff, 2016 WL 3162059, at *2.

Lastly, petitioners do not dispute Gavin's assertion that the estate contains no assets.  They state that they do not seek to hold Gavin personally liable and urge that Gavin be substituted in his capacity as the de facto personal representative of Jeremy Wiesen's estate.  The

request will be granted in order to make clear that Gavin is named as a defendant solely in his capacity as personal representative of the estate and not in any individual capacity.

CONCLUSION.

Petitioners' motion is GRANTED. The Clerk is directed to terminate the motion. (ECF 49.)

The Clerk is respectfully directed to amend the caption and to substitute the respondent in this case as follows: Gavin Wiesen, Solely in His Capacity as *De Facto* Personal Representative of the Estate of Jeremy L. Wiesen.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
June 5, 2023

COPY MAILED TO: Gavin Wiesen, 254 E. 68th St., New York, NY 10065