UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CFS 12 FUNDING LLC and AC MANAGER
LLC,

                                Petitioners,                            21-cv-9711 (PKC)

                -against-                               OPINION
                                                    AND ORDER

GAVIN WIESEN, Solely in His Capacity as De
Facto Personal Representative of the Estate of
Jeremy L. Wiesen,

                              Respondent.
-------------------------------------------------------------x

CASTEL, U.S.D.J.

           Petitioners CFS 12 Funding LLC ("CFS") and AC Manager LLC ("AC")

previously moved to confirm an arbitration award (the "Award") that was entered in their favor

against Jeremy L. Wiesen, who was the respondent in this proceeding.  Jeremy Wiesen died on

or about July 24, 2022, approximately two months after he filed papers in opposition and urged

the Award's vacatur.

           The Court thereafter allowed petitioners to take limited discovery for the purpose

of identifying a proper party for substitution under Rule 25(a), Fed. R. Civ. P.  (ECF 47.)  It

separately denied petitioners' then-pending motion to confirm without prejudice to renewal in

the event that petitioners successfully moved for the substitution of Jeremy Wiesen.  (ECF 48.)

The Court later granted petitioners' motion to substitute current respondent Gavin Wiesen for his

deceased father.  <u>CFS 12 Funding LLC v. Wiesen</u>, 2023 WL 3817910 (S.D.N.Y. June 5, 2023).

Gavin Wiesen is named as respondent solely in his capacity as the de facto representative of the

estate of Jeremy L. Wiesen.  <u>See</u> <u>id.</u>

On June 15, 2023, petitioners filed a renewed motion to confirm the Award, relying entirely on their prior submissions of 2022. (ECF 55.) The Court issued an Order on July 19, 2023 that invited Gavin Wiesen to respond by August 16, 2023. (ECF 56.) Gavin Wiesen has not filed a response. The Court will therefore decide the motion based on petitioners' 2022 submissions and the response papers filed by the late Jeremy Wiesen.

In the underlying arbitration, Jeremy Wiesen asserted breach of contract and related claims involving a litigation-funding agreement that he entered into with CFS. He sought the return of $398,454 held in an escrow or trust account and separately claimed that CFS and AC interfered with his control of two civil litigation matters. The arbitrator ruled in favor of CFS and AC on all claims, and in her Final Award granted their application for costs and attorneys' fees.

Before his death, Jeremy Wiesen was proceeding pro se.[1] He opposed petitioners' motion to confirm and urged that the Award should be vacated, asserting "arbitrator bias, lack of diligence and abrogation of my judicial rights." (Answer at II.) He also asserted that the arbitrator improperly awarded fees and expenses.

Petitioners have demonstrated that the Award should be confirmed, and Jeremy Wiesen's response turns on conclusory and unsupported invective directed to the arbitrator and petitioners. The motion to confirm will therefore be granted.

BACKGROUND.

CFS entered into a litigation-funding agreement (the "Agreement") with Wiesen[2] dated October 4, 2016, pursuant to which CFS was to provide funding to Wiesen for two civil

---

[1] Although not represented by counsel, Wiesen described himself as a sophisticated individual with degrees from Harvard Law School and the Wharton School of the University of Pennsylvania, and stated that he had taught at Berkeley and NYU, among other universities. (ECF 24-11; ECF 30.)
[2] All further references to Wiesen refer to Jeremy Wiesen unless otherwise specified.

actions identified as the "RTI case" and the "Verizon case." (Partial Final Award at 1 (ECF 3-2); Jacobs Dec. ¶ 7 (ECF 3).) It does not appear that the Agreement's full text has been submitted to this Court, but the parties do not dispute that they are bound by the Agreement's arbitration clause. Section 10.2 of the Agreement contains an arbitration clause that reads in part:

> Any dispute, claim or disagreement arising out of, in connection with or in any way related to this Agreement or breach thereof, including but not limited to a dispute as to whether a Material Adverse Change has occurred or the JLW Release Condition has been satisfied, will be settled by arbitration . . . .

(Jacobs Dec. ¶ 8.)

On September 17, 2020, Wiesen invoked section 10.2 of the Agreement and filed a demand for arbitration with the American Arbitration Association ("AAA") against CFS and AC. (Id. ¶ 9.) Wiesen's demand sought the payment of $398,454 that was being held in an escrow or trust account (the "Trust Account") by the law firm Yetter Coleman LLP. (Id. ¶ 11; Pet. ¶ 12.) The AAA acknowledged receipt of the demand. (Jacobs Dec. ¶ 9.) CFS and AC also acknowledged receipt of the demand and stated their intention to participate in the arbitration. (Id.) Both sides were represented by counsel throughout the arbitration proceedings. (Id.)

On October 9, 2020, Eve Turner, who has the title of Manager of ADR Services at the AAA, provided the parties with an AAA form intended to identify potential conflicts with arbitrator candidates. (Fleischer Dec. ¶ 7 & Ex. A.) On October 21, 2020, Turner sent counsel to each side a list of fifteen potential arbitrators. (Fleischer Dec. ¶ 9 & Ex. B.) The parties separately returned the checklists and their rankings of arbitrator candidates in an ex parte-like manner, so that each was unaware of the other's submissions. (Fleischer Dec. ¶¶ 10-11 & Exs. C, D.)

In a letter dated November 5, 2020, Turner advised the parties that Judith Weintraub had been selected as arbitrator (the "Arbitrator").  (Fleischer Dec. Ex. E.)  No party objected to the Arbitrator or requested that she issue a "reasoned award" under AAA Commercial Rule R-46(b).  (Fleischer Dec. ¶¶ 12, 15.)  In a separate letter of that same date, the Arbitrator wrote to the AAA to disclose potential conflicts.  (Fleischer Dec. Ex. G.)  She explained that she is active in bar associations, participates in public speaking engagements and publishes articles, and that it was possible that she may have previously interacted with firms or parties to the dispute through such activities.  (Id.)  The AAA forwarded the Arbitrator's letter to the parties.  (Fleischer Dec. ¶ 14.)

CFS and AC filed a motion for summary judgment to the Arbitrator on December 21, 2021.  (Jacobs Dec. ¶ 12.)  While that motion was pending, the Arbitrator granted Wiesen's application to add additional claims.  (Jacobs Dec. ¶ 13.)  The Arbitrator treated the motion for summary judgment as a motion for partial summary judgment directed only to the original claim for the return of funds in the Trust Account, and granted the motion in its entirety, concluding that Wiesen was not entitled to any funds remaining in the Trust Account.  (Jacobs Dec. ¶ 15.)

CFS and AC then filed a second motion for summary judgment, which the Arbitrator granted in part and denied in part.  (Jacobs Dec. ¶¶ 16-17.)  The Arbitrator granted the summary judgment motion dismissing Wiesen's claims that CFS and AC had violated New York Rules of Professional Conduct and had conspired to suborn perjury.  (Jacobs Dec. Ex. B at 2.)  As a result of the ruling, the only issue that proceeded to a hearing on the merits related to Wiesen's claim that CFS and AC had breached the Agreement by interfering with Wiesen's control of the two civil cases subject to the Agreement.  (Jacobs Dec. ¶ 17.)

On October 5, 2021, the Arbitrator presided over a merits hearing conducted remotely over Zoom.  (Jacobs Dec. ¶ 18.)  The parties submitted post-hearing briefs.  (Jacobs Dec. ¶ 19.)  On October 19, 2021, the Arbitrator issued a Partial Final Award (the "Partial Award").  (Jacobs Dec. ¶ 20 & Ex. B.)  The Partial Award summarized Wiesen's claims and noted that the parties had not requested a reasoned award and stated that the Award was issued in the form of a standard award.  (Jacobs Dec. Ex. B.)  It concluded that Wiesen had not offered evidence that CFS and AC had violated by the Agreement by interfering with his civil litigation proceedings, and, further, that he failed to prove damages from any such interference.  (Id.)  It stated that Wiesen would "bear the full fees and expenses of the arbitration," including legal fees and arbitration fees, which would be included in the Final Award.  (Id.)

On November 9, 2021, the Arbitrator issued the Final Award, which directed Wiesen to pay fees and expenses totaling $74,640.31, with interest accruing at 6% per annum.  (Jacobs Dec. Ex. C.)  The Final Award incorporated the Partial Final Award by reference.  (Id.)

Wiesen's opposition to confirmation and argument for vacatur largely turn on the assertion that the Arbitrator showed partiality in favor of CFS and AC.  About 90 minutes after the Arbitrator issued the Partial Award, Wiesen sent an email to Turner that inquired "whether, and if so how, all parties and their attorneys affirmed that they had no relationship directly or indirectly or knowledge of the arbitrator."  (Fleischer Dec. ¶ 18 & Ex. J.)  Turner responded by attaching the Arbitrator's appointment documents, the AAA's ethics code and the Commercial Arbitration Rules, and noted that the appointment had been made consistent with the parties' submissions.  (Fleischer Dec. Ex. J.)  Wiesen responded in part, "No one could due diligence [sic] on the Arbitrator's and Respondents' histories, how would one?  I ask to be told this now under oath . . . ."  (Id.)  The exchange continued, with Wiesen essentially disputing the

reasonableness and fairness of requiring the parties to identify a potential conflict, as opposed

placing that obligation on the Arbitrator.  (Id.)  On October 22, 2021, Turner forwarded the

parties a written statement from the Arbitrator, which read:

> To the best of my knowledge, I have had no prior connection or
> association, direct or indirect, with Mr. Fleischer, his firm, the
> Respondents, Mr. Jacobs or Mr. Morriss. There was no partiality;
> my decision was based on the merits of the case (or lack thereof).

(Id.)  In October and November 2021, Wiesen continued to email Turner with questions and

concerns about the partiality of the Arbitrator and his belief that she should have proactively

disclosed potential conflicts.  (Fleischer Dec. Exs. K, L.)  Among other things, Wiesen asserted

that the Arbitrator was "a person trying to hide something," that she was "shrinking the

question," and that he "question[ed] whether there had been a back channel" to the Arbitrator.

(Fleischer Dec. Ex. K.)

CFS and AC filed their Petition to Confirm Arbitration on November 22, 2021.

(Docket # 1.)  Wiesen filed an Answer that seeks to vacate the Partial Award and Final Award

and requests a rehearing.  (Docket # 16.)  The Answer asserts that the Arbitrator improperly

awarded fees and expenses to CFS and AC, and points to "Arbitrator 'Bias,' Lack of 'Diligence'

and Other Abrogations of Judicial Rights."  (Id.)  CFS and AC filed their first motion to confirm

on March 7, 2022.  (Docket # 21.)  Wiesen's response recites assorted incidents of unfairness

and asserts that petitioners "bullied" him.  (Docket # 30.)  Wiesen later made a supplemental

filing in opposition to the motion to confirm.  (Docket # 32.)  CFS and AC elected not to file a

reply.  (Docket # 31, 33.)

WIESEN HAS NOT DEMONSTRATED THAT VACATUR IS WARRANTED, AND THE
ARBITRATION AWARD WILL BE CONFIRMED.

        The Federal Arbitration Act ("FAA") provides that a court "must grant" a motion
to confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed
in sections 10 and 11 of this title."  9 U.S.C. § 9.  "'[T]o avoid undermining the twin goals of
arbitrations, namely, settling disputes efficiently and avoiding long and expensive litigation,'
arbitral awards 'are subject to very limited review.'"  Zurich American Ins. Co. v. Team Tankers
A.S., 811 F.3d 584, 588 (2d Cir. 2016) (quoting Folkways Music Publishers, Inc. v. Weiss, 989
F.2d 108, 111 (2d Cir. 1993)).  "The role of a district court in reviewing an arbitration award is
'narrowly limited' and 'arbitration panel determinations are generally accorded great deference
under the [FAA].'"  Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729
F.3d 99, 103 (2d Cir. 2013) (quoting Tempo Shain Corp. v. Bertek, Inc., 120 F.3d 16, 19 (2d Cir.
1997)).  "Consequently, the burden of proof necessary to avoid confirmation of an arbitration
award is very high, and a district court will enforce the award as long as 'there is a barely
colorable justification for the outcome reached.'"  Id. at 103-04 (quoting Rich v. Spartis, 516
F.3d 75, 81 (2d Cir. 2008)).  "The arbitrator's rationale for an award need not be explained, and
the award should be confirmed if a ground for the arbitrator's decision can be inferred from the
facts of the case."  D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006).

        The FAA provides limited grounds for vacating an award.  9 U.S.C. § 10(a).
"The party seeking to vacate the award bears the heavy burden of demonstrating sufficient
grounds for vacatur."  Circle Indus. USA, Inc. v. Parke Const. Grp., Inc., 183 F.3d 105, 109 (2d
Cir. 1999).  Wiesen challenges the award under section 10(a)(3) of the FAA, which provides in
part that a district court may vacate an award "where the arbitrators were guilty of
misconduct . . . in refusing to hear evidence pertinent and material to the controversy; or of any

other misbehavior by which the rights of any party have been prejudiced . . . ."  9 U.S.C. §

10(a)(3).  "Courts have interpreted section 10(a)(3) to mean that except where fundamental

fairness is violated, arbitration determinations will not be opened up to evidentiary review."

Tempo Shain Corp. v. Bertek, Inc., 120 F.3d 16, 20 (2d Cir. 1997).  In addition, Wiesner asserts

that the Award should be vacated because of the Arbitrator's partiality, and section 10(a)(2)

allows for vacatur "where there was evident partiality or corruption in the arbitrators . . . ."  9

U.S.C. § 10(a)(2).

 A court "treat[s] a petitioner's application to confirm or vacate an arbitral award

as akin to a motion for summary judgment."  City of New York v. Mickalis Pawn Shop, LLC,

645 F.3d 114, 136 (2d Cir. 2011) (quotation marks omitted).  Accordingly, the Court's decision

is based on the record before it, specifically the Petition and its exhibits, and the exhibits

submitted by the parties in connection with the motion to confirm.  D.H. Blair, 462 F.3d at 109-

10.

 Wiesen's submissions do not satisfy the heavy burden required to vacate the

Awards.  First, he urges that the Arbitrator erred in the Final Award by awarding attorneys' fees

and expenses, explaining that he had at least one "colorable claim," as demonstrated by the fact

that one claim survived summary judgment and proceeded to a merits hearing.  (Answer at

Defense 1.)  However, the arbitration clause grants broad discretion to the Arbitrator to award

fees and expenses.  (Jacobs Dec. ¶ 24 (quoting Agrmt. § 10.2).)  It states in relevant part that the

parties will equally share the expenses of arbitration, "provided that, if in the judgment of the

arbitrator it is equitable to allocate all or a portion of one party's expenses and legal fees to the

other, which judgment shall be based upon the nature of the claim arbitrated (it being understood

that a party which is deemed to have instigated an arbitration without a colorable claim shall be

liable of the other party's fees and expenses), such party shall pay such amount to the other party . . . ." (Id.)  The Agreement left any fees award to "the judgment of the arbitrator" based on equitable considerations.  (Id.)  Having ruled in favor of CFS and AC on all issues, the Arbitrator's decision to award fees and expenses was a permissible exercise of her authority under the Agreement.

In his Answer, Wiesen raises a variety of procedural and substantive arguments in favor of vacatur.  He notes that the Arbitrator "refused to respond to my letter" inquiring about potential contacts with CFS or AC, and that the AAA did not adequately address his concerns. (Answer, "Defenses," at 2.)  He asserts that the Arbitrator did not display the "patience" required under the AAA's Code of Ethics, which caused her to "incorrectly" rule against him.  (Id. at 2-3.)  He asserts that the Arbitrator would not let him directly question witnesses and required questions to be posed through his counsel, which frustrated his ability to present a case because the evidentiary hearing was conducted remotely over Zoom.  (Id. at 3.)  Wiesen states that "the Petitioners are not honest people," that the Arbitrator was unduly solicitous of their requests for breaks, and that the facts of his claims were "too complicated" for his own attorney to grasp the "wrongdoing . . . without . . . having been there."  (Id. at 3-4.)  He asserts that counsel for CFS and AC made "snarky comments," conspired against him so that he would "perjure [him]self," falsely called him "a liar and a fraud," and "work[ed] behind the scene to get my lawyer to refuse to take steps toward an early settlement . . . ."  (Id. at 4.)  Wiesen states that these issues were raised with the Arbitrator but that she did not address them, reflecting both partiality and lack of diligence.  (Id.)

Wiesen asserts that the Arbitrator "could not fathom" his claims, and appears to urge that CFS and AC willfully interfered with his civil litigation claims to be funded pursuant to

the Agreement because they wanted "'venture capital type' returns . . . ." (Id. at 5.)  While the nature of Wiesen's underlying civil cases pertaining to his litigation funding is not clear, he describes purported internal-governance failures within Verizon, his refusal of the SEC's offer to give him "'whistleblower' status," alleged encouragement from Verizon's own outside counsel to sue Verizon, and the potential that he would have been awarded $100 million in damages from Verizon.  (Id. at 6.)  Wiesen noted that the Arbitrator did not address the details of his purported Verizon claims.  (Id.)  He described CFS and AC as "bullies" who "screamed at me not to settle" and asserts that "they also bullied their lawyer" during arbitration proceedings.  (Id. at 7.)

Wiesen's response in opposition to the motion to confirm raises similar arguments and employs similar language, including references to bullying, "screaming," and the assertion that the Arbitrator "paid little attention" to his evidence and arguments.  (Docket # 30.)  He also describes evidentiary rulings by the Arbitrator that were unfavorable toward him, and asserts that it had been impossible for him to have known about the Arbitrator's partiality at the outset of proceedings.  (See id.)

Wiesen's arguments do not make out the heavy burden required to vacate the Award.  See Circle Industries, 183 F.3d at 109.  Wiesen urges that the Arbitrator's unfavorable rulings and failure to address certain arguments reflected partiality or lack of diligence, but no party requested that the Arbitrator issue a reasoned award.  The Second Circuit has observed that standard awards "simply announce a result," whereas "[a] reasoned award sets forth the basic reasoning of the arbitral panel on the central issue or issues raised before it."  Leeward Constr. Co., Ltd. v. American University of Antigua-College of Medicine, 826 F.3d 634, 640 (2d Cir. 2016) (quotation marks omitted).  The Partial Award and the Final Award were consistent with the requirements of a standard award and do not reflect partiality or lack of diligence.

Moreover, Wiesen's assertions of the Arbitrator's partiality are unsupported, conclusory and vague, and appear to be premised on the fact that her rulings were unfavorable toward him.  The Arbitrator was selected with the input of both parties and Wiesen has not identified any actual or apparent conflict on the part of the Arbitrator.  "The burden of proving evident partiality rests upon the party asserting bias."  Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co., 668 F.3d 60, 72 (2d Cir. 2012) (quotation marks omitted).  It is most often met where "an arbitrator fails to disclose a relationship or interest that is strongly suggestive of bias in favor of one of the parties," but non-disclosure itself will not demonstrate partiality if the relationship is insubstantial.  Id.  Wiesen has not pointed to any indicia that the Arbitrator had a relationship or interest with any party, let alone a substantial one.

Wiesen has not come forward with evidence or argument that supports vacatur under 9 U.S.C. § 10(a).

CONCLUSION.

Petitioners' motion to confirm the Award is GRANTED.  The Clerk is respectfully directed to terminate the motion.  (ECF 55.)

Within seven days, petitioners shall file a Proposed Final Judgment to the docket, and shall file an affidavit of service reflecting that the Proposed Final Judgment has been properly served upon Gavin Wiesen.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:  New York, New York
        October 4, 2023

COPY MAILED TO: Gavin Wiesen, 254 E. 68th St., New York, NY  10065